IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LLOYD ERIC DEMUS, #2378867, PLAINTIFF, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:24-CV-1575-E-BK |
| UNKNOWN DETECTIVE, ET AL., DEFENDANTS. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**I. BACKGROUND**

On June 24, 2024, Lloyd Eric Demus, a state prisoner, filed a letter-pleading requesting that a detective or prosecutor pursue criminal charges against Jerry Johnson. Doc. 3. Demus alleges, "Jerry Johnson solicited me a $50,000 bounty to murder Melvin Noble and the bounty would be paid by Markes Conway aka Rapper Yella Breezy." Doc. 3 at 1. Demus asserts that they should not "get away with the crimes they have committed." *Id.* Demus also requests that his convictions in two Dallas County cases be vacated or his sentences be reduced to five years. *Id.*

According to online court records (of which the Court takes judicial notice), Demus is currently confined in the Texas Department of Criminal Justice (TDCJ), Correctional Institution Division, serving 15-year sentences for aggravated robbery and continuing violation of a protective order. *See* Dallas County Case numbers F21-75986 and F20-41501.[1]

Upon review, this action is patently frivolous and fails to state a legally cognizable claim. Thus, it should be dismissed.

**II. ANALYSIS**

Because Demus did not pay the filing fee, the Court presumes that he seeks leave to proceed *in forma pauperis*.[2] As such, his claims are subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915(A)(b). Those statutes provide for the *sua sponte* dismissal of an action if the Court finds that it is frivolous or malicious, (2) fails to state claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] Inmate information details are available on the TDCJ website at https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=06300490 (last accessed on July 10, 2024).

[2] Because Demus seeks mandamus relief related in part to his state convictions, the filing fee provisions of 28 U.S.C. § 1915(b) do not apply. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (holding petition for writ of mandamus that arose from post-conviction habeas application was not subject to fee payment requirements of § 1915(b)).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Demus' complaint/petition is frivolous and fails to state a claim.

To the extent that Demus alleges criminal law violations, his complaint lacks any legal basis. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one). Demus has pled nothing here that would even come close to meeting that burden. *See also Williams v. Cintas Corp.*, No. 3:07-CV-0561-M, 2007 WL 1295802, *2 (N. D. Tex. Apr. 10, 2007) (collecting cases finding no private cause of action for perjury in federal court and no private right of action for civil perjury under Texas law), *R. & R. accepted*, 2007 WL 1300780, at *1 (N. D. Tex. May 02, 2007). Moreover, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [the plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005).

Further, federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam). If

Demus' letter is construed to seek mandamus relief against a state detective or prosecutor—by compelling them to bring criminal charges against Johnson and Conway for solicitation of murder for hire—his request for mandamus relief lacks merit and should be dismissed with prejudice as frivolous and for failure to state a claim. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of mandamus petition as frivolous because federal courts lack power to mandamus state officials in performance of their duties).

The Mandamus Act vests district courts with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is appropriate only "when (1) the plaintiff has a clear right to relief, (2) the defendant [has] a clear duty to act, and (3) no other adequate remedy exists." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 768 (5th Cir. 2011); *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992) (noting mandamus is proper when the duty is "so plainly prescribed as to be free from doubt").

Here, Demus has not and cannot establish that any federal officer or prosecutor has a clear duty to investigate or file federal criminal charges, as discussed supra. Thus, Demus' request for relief under the Mandamus Act fails because he has not established that he is clearly entitled to that relief. Accordingly, this claim lacks any plausible legal basis and should be dismissed.

Lastly, to the extent Demus challenges his present confinement and requests that his state convictions in Dallas County case numbers F21-75986 and F20-41501 be "rescinded" or that his sentence be reduced to five years, his claims are not cognizable in this civil action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement'" (quoting *Preiser v. Rodriguez*, 411

U.S. 475, 498 (1973))). Constitutional challenges to state court charges and convictions are generally cognizable in a federal habeas corpus action after exhaustion of state court remedies. *See* 28 U.S.C. § 2254. Accordingly, Demus' habeas claims, if any, lack any legal basis and should be dismissed.

### III. LEAVE TO AMEND

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* Demus' apparent claims are fatally infirm. Based on the most deferential review of his construed complaint, it is unlikely that, given the opportunity, he could allege cogent and viable legal claims. Under these circumstances, the Court can only conclude that he has already pled his best case and that granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, the construed petition for writ of mandamus should be summarily **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

**SO RECOMMENDED** on July 12, 2024.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).